No. 6296.

## LUKENS IRON & STEEL CO. vs. CHARLES GIT-ZINGER, ET AL.

### Syllabus.

1. An object sent to the shop of a mechanic to be repaired is only transiently on the premises, within the meaning of the law exempting from seizure for rent objects only accidently or transiently on the premises.

2. The evidence before us is not sufficient to establish with certainty the value of the property herein illegally seized and sold, and the case is remanded for further evidence on that score.

Appeal from the Civil District Court for the Parish of Orleans, Division "B," No. 102,905. Honorable F. D. King, Judge.

Solomon Wolff, for plaintiff and appellee.

J. B. Rosser, Jr., for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Plaintiff had a steel cutter which became out of order and he called upon a mechanic to repair it. After vainly endeavoring to repair it at plaintiff's place of business, the mechanic removed it to his own shop in order to make further efforts to repair it; but he was again unsuccessful, and some months afterwards the contents of the shop, including this cutter, were seized by defendant for unpaid rent.

We are of opinion that objects sent to a mechanic to be repaired are only transiently on the premises, within the meaning of the law, which exempts from seizure for rent objects only accidently or transiently on the premises.

Were it otherwise no one would entrust a mechanic with an object to be repaired, and thus he would be unable to carry on his business and earn the money with which to pay his rent.

Defendant must, therefore, reimburse plaintiff for the value of the cutter by him seized and sold for rent.

But we do not consider that the testimony herein establishes with any degree of certainty the value of the cutter when sold.

Plaintiff's representative estimates the value of the cutter at $350 to $500. He says that it cost over $700 a few years ago, that it was as good as new and could have been repaired for less than $50.

But the fact is that the supposedly competent mechanics had been trying for nearly a year to repair it and had not succeeded, and the cutter sold at auction for only $62.

We are not prepared to say that the cutter was worth no more than $62, nor do we think the evidence shows that it was worth $350, but we believe that its value can be estimated by competent testimony and that the case should be remanded for that purpose.

It is therefore ordered that the judgment appealed from be set aside and the case is now remanded to the trial Court for the purpose of receiving further testimony as to the value of cutter herein seized and sold, and of fixing the value thereof.

It is further ordered that plaintiff pay the costs of this appeal, and the cost of the Court below to await the final judgment.

Opinion and decree, February 1st, 1915.

Rehearing refused, March 15th, 1915.